UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. BANK NATIONAL ASSOCIATION,<br><br>          Plaintiff,<br><br>     v.<br><br>ROTONDA R. LLOPIS, et al.,<br><br>          Defendants. | Case No.  15-cv-05182-EDL<br><br>**REPORT AND RECOMMENDATION TO REMAND; ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS AND REASSIGNING CASE** |

On November 12, 2015, Defendant Rotonda Llopis filed a notice of removal of this unlawful detainer case filed by Plaintiff against Defendants Rotonda Llopis and Gerald Llopis in Solano County Superior Court on June 3, 2011, as well as an application to proceed *in forma pauperis* ("IFP Application").  As only Defendant Rotonda Llopis has consented to this Court's jurisdiction, the Court issues this report and recommendation and reassigns this case to a district judge.  For the reasons set forth below, the Court grants the IFP Application and recommends remanding this matter to state court.

Defendant's IFP Application adequately alleges her poverty.  Defendant is not employed.  Her spouse's net income is $1,800 per month, her monthly expenses total $670 per month, and she has two dependent children.  She does not own a home, and has a bank account with a present balance of $200.  She owns $50.00 in cash.  Therefore, Defendant qualifies for *in forma pauperis* status, and her IFP Application is granted.

However, the Court lacks subject matter jurisdiction in this case and the case should be remanded.  "Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a).  "If

1  at any time before final judgment, it appears that the district court lacks subject matter jurisdiction,
2  the case shall be remanded." 28 U.S.C. § 1447(c).

3  The Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction."
4  Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (citations omitted). Thus, "[f]ederal
5  jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."
6  Id. (citation omitted). "The 'strong presumption' against removal jurisdiction means that the
7  defendant always has the burden of establishing that removal is proper." Id.; see also Abrego v.
8  Dow Chemical Co., 443 F.3d 676, 685 (9th Cir. 2006). Removal jurisdiction may be based on
9  diversity of citizenship or on the existence of a federal question. 28 U.S.C. § 1441. Whether
10 removal jurisdiction exists must be determined by reference to the well-pleaded complaint.
11 Merrell Dow Pharmaceuticals, Inc. v. Thompson, 478 U.S. 804, 808 (1986).

12 Defendant Rotonda Llopis fails to meet the requirement under 28 U.S.C. § 1446(b)(2)(A)
13 that all Defendants must join in a notice of removal. Remand, therefore, is appropriate on the
14 ground that all Defendants have not joined in the notice of removal.

15 Additionally, although Defendant Rotonda Llopis bases her notice of removal on federal
16 question jurisdiction, none exists. When a civil action over which the federal courts have original
17 jurisdiction is brought in state court, the defendant may remove the action to federal district court.
18 See 28 U.S.C. § 1441. However, a case may be removed pursuant to 28 U.S.C. § 1441 only when
19 a federal question appears on the face of the properly pleaded complaint. See Caterpillar Inc. v.
20 Williams, 482 U.S. 386, 392 (1987); Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc.,
21 535 U.S. 826, 830 (2002) ("The well-pleaded-complaint rule has long governed whether a case
22 "arises under" federal law for purposes of § 1331."); see also Wayne v. DHL Worldwide Express,
23 294 F.3d 1179, 1183 (9th Cir. 2002) ("The presence or absence of federal-question jurisdiction is
24 governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only
25 when a federal question is presented on the face of the plaintiff's properly pleaded complaint.").
26 Here, the face of the complaint asserts only one state law claim for unlawful detainer. Because the
27 complaint does not provide any basis for removal, the Court lacks subject matter jurisdiction under
28 28 U.S.C. § 1331.

2

Moreover, although Defendant Rotonda Llopis does not base her notice of removal on diversity jurisdiction, no such basis is evident from the complaint. Pursuant to 28 U.S.C. § 1332, this Court has diversity jurisdiction where the parties are diverse and "the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs." The complaint does not allege Plaintiff's citizenship. The complaint also does not indicate that the damages at issue meet the jurisdictional minimum. Because the case is not removable as a diversity action, remand is also appropriate on this ground.

Accordingly, the Court recommends remanding this case to the Solano County Superior Court. Any party may serve and file specific written objections to this recommendation within fourteen (14) days after being served with a copy. See 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); Civil Local Rule 72-3. Failure to file objections within the specified time may waive the right to appeal the District Court's order.

**IT IS SO ORDERED.**

Dated: November 17, 2015

_____
ELIZABETH D. LAPORTE
United States Magistrate Judge