UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. BANK NATIONAL ASSOCIATION,<br><br>   Plaintiff,<br><br>   v.<br><br>ROTONDA R. LLOPIS, GERALD LLOPIS, et al.,<br><br>   Defendants. | Case No. 15-cv-05723-JSC<br><br>**SUA SPONTE JUDICIAL REFERRAL FOR PURPOSES OF DETERMINING WHETHER CASES ARE RELATED AND REPORT AND RECOMMENDATION TO REMAND** |

Defendant Rotonda R. Llopis removed this state law unlawful detainer action from the Superior Court of California for the County of Solano on December 14, 2015. In accordance with Civil Local Rule 3-12(c), the above captioned case is referred to the Honorable Yvonne Gonzalez Rogers to determine whether it is related to *U.S. Bank National Association v. Llopis* et al, No. 15-5182 YGR, a removal of the same underlying unlawful detainer action which was remanded to the Solano County Superior Court on December 2, 2015.

**REPORT AND RECOMMENDATION TO REMAND**

Plaintiff brought this state-law unlawful detainer action against Defendants in the Superior Court of California for the County of Solano seeking to evict Defendants from real property located in Vacaville. Defendant Rotonda Llopis, representing herself, subsequently removed the case to federal court. Because Plaintiff previously removed this same unlawful detainer action and it was remanded for lack of subject matter jurisdiction, its renewed removal is improper and the Court RECOMMENDS that it again be REMANDED to the Solano County Superior Court.

"Once a federal court has remanded an unlawful detainer case, a party is not entitled to file a second notice of removal on the same grounds." *PNC Bank Nat'l Ass'n v. Ahluwalia*, No. C

15-01264 WHA, 2015 WL 3866892, at *2 n.3 (N.D. Cal. June 22, 2015). Under existing laws, a party is not entitled "to file a second [notice of removal] upon the same grounds, where, upon the first removal by the same party, the federal court declined to proceed and remanded the suit, because of his failure to [comply with the procedural requirements for removal]." *St. Paul & C. Ry. Co. v. McLean*, 108 U.S. 212, 217 (1883). However, if the removing party advances a different theory for removal based on newly discovered facts or a change in relevant law, removal may be appropriate. *Kirkbride v. Continental Cas. Co.*, 933 F.2d 729 (9th Cir. 1991) (holding that a defendant who fails in an attempt to remove on the initial pleadings may file a removal petition when subsequent pleadings or events reveal a new and different ground for removal). Here, Llopis's complaint is identical to the complaint she filed in *U.S. Bank National Association v. Llopis* et al, No. 15-5182 YGR, which was remanded to the Solano County Superior Court on December 2, 2015. Accordingly, the ban on successive removals applies, and this action should be remanded.

Even if this removal was not an improper successive removal, it would be barred for lack of subject matter jurisdiction. A defendant may remove an action from state court to federal court so long as the federal court has original jurisdiction. 28 U.S.C. § 1441(a). Federal subject matter jurisdiction under 28 U.S.C. § 1331 requires a civil action to arise under the constitution, laws, or treaties of the United States. A claim "arises under" federal law only if a "well-pleaded complaint" alleges a cause of action based on federal law—"an actual or anticipated defense" does not confer federal jurisdiction. *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009). The defendant seeking removal "bears the burden of establishing that removal is proper" and the "removal statute is strictly construed against removal jurisdiction." *Provincial Gov't of Marinduque v. Placer Dome, Inc.,* 582 F.3d 1083, 1087 (9th Cir. 2009). Further, when a case is removed to federal court, the court has an independent obligation to satisfy itself that it has federal subject matter jurisdiction. *Valdez v. Allstate Ins. Co.,* 372 F.3d 1115, 1116 (9th Cir. 2004). A case removed to federal court must be remanded back to state court "if at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c).

2

Here, the original complaint asserts only one cause of action for unlawful detainer, which does not arise under federal law and cannot support federal-question jurisdiction. *See Fed. Nat'l Mortgage Ass'n v. Martinez*, No. 15-CV-04827, 2015 WL 7352186, at *1 (N.D. Cal. Oct. 28, 2015) (holding that "[u]nlawful detainer claims do not arise under federal law and, without more, the court lacks federal-question jurisdiction"); *Fed. Nat'l Mortgage Ass'n v. Lopez*, No. 11-00451 WHA, 2011 WL 1465678, at *1 (N.D. Cal. Apr. 15, 2011) (holding removal was improper where defendant asserted a federal question arising from an unlawful detainer action); *GMAC Mortgage, LLC v. Rosario*, No. 11-1894 PJH, 2011 WL 1754053, at *3 (N.D. Cal. May 9, 2011) (finding no federal question pled in an unlawful detainer action). Removal is also improper because Llopis —a California resident—is precluded from removing an action where she is a citizen of the state in which the action was brought. 28 U.S.C. § 1441(b)(2).

Accordingly, the Court RECOMMENDS that this action be REMANDED to the Superior Court of California for the County of Solano and that Defendants be warned against any further removals of this complaint.

Any party may serve and file specific written objections to this recommendation within fourteen (14) days after being served with a copy. See 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); Civil Local Rule 72-3. Failure to file objections within the specified time may waive the right to appeal the District Court's order.

**IT IS SO ORDERED.**

Dated: December 22, 2015

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge

3

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. BANK NATIONAL ASSOCIATION,<br><br>Plaintiff,<br><br>v.<br><br>ROTONDA R. LLOPIS,<br><br>Defendant. | Case No.  15-cv-05723-JSC<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on December 22, 2015, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Rotonda R. Llopis
650 4th St.
Santa Rosa, CA 95404

Dated: December 22, 2015

Susan Y. Soong
Clerk, United States District Court

By:_____
Ada Means, Deputy Clerk to the
Honorable JACQUELINE SCOTT CORLEY